MOSELEY (UNITED STATES v.). See Case No. 15,823.

---

## Case No. 9,869.

### In re MOSES.

[6 N. B. R. 181.] [1]

District Court, E. D. Michigan. Jan. 16. 1872.

BANKRUPTCY—INJUNCTION TO RESTRAIN TRANSFER OF PROPERTY—WHEN INJUNCTION TERMINATES—VIOLATION.

An injunction granted under section 40 of the bankrupt act [of 1867 (14 Stat. 536)] does not extend beyond the adjudication. Hence any proceedings to punish parties for contempt in violating an injunction after adjudication, must be dismissed with costs.

[Cited in Re Irving, Case No. 7,073.]

The injunction was issued under section 40 of the bankrupt act, on filing the petition for adjudication of bankruptcy. The petition was filed and injunction issued November fifth, eighteen hundred and sixty-nine. An order was issued at the same time, requiring the alleged bankrupt [S. J. Moses] to show cause, as required by said section 40, returnable November sixteenth, eighteen hundred and sixty-nine, on which day an order of adjudication of bankruptcy was made, and an assignee was appointed December eleventh, eighteen hundred and sixty-nine. The acts alleged to have been done by Lang in violation of the injunction, are alleged to have been done January twentieth, eighteen hundred and seventy, more than two months after the adjudication of bankruptcy. Those alleged to have been committed by Hanaw appear to have been committed also after the adjudication, although no specific date is alleged. It is contended on behalf of Lang & Hanaw that by the express provisions of section 40, under which the injunction was issued, its operation and effect were limited to the period of time between the time of its service on them and the time when the hearing and adjudication were had upon the petition for adjudication of

[1] [Reprinted by permission.]

bankruptcy, and therefore the acts complained of, not having been done within that period, are not within the purview of the writ.

Mr. Reilly, for assignee.

Mr. Peck, for Lang & Hanaw.

LONGYEAR, District Judge. So much of section 40 of the bankrupt act as is material to the consideration of the question presented, is as follows: "That upon the filing of the petition authorized by the next preceding section, if it shall appear that sufficient grounds exist therefor, the court shall direct the entry of an order requiring the debtor to appear and show cause, at a court of bankruptcy to be holden at a time to be specified in the order, not less than five days from the service thereof, why the prayer of the petition should not be granted; anu may also, by its injunction, restrain the debtor, and any other person, *in the meantime*, from making any transfer or disposition of any part of the debtor's property not excepted by this act from the operation thereof, and from any interference therewith."

As a court of bankruptcy, this court possesses no general powers to issue injunctions. Its powers in that regard are derived solely from that portion of section 40 above quoted, and such powers are of course limited strictly within the scope of its provisions. The restraining power of the court then is limited in point of time to the period of time expressed by the words "in the meantime," which I have italicized in the quotation, and those relate manifestly to the period of time between the entering of the order to show cause and the time specified therein for the hearing, as provided in the first part of the quotation. I think the most extended construction that can be given to these words is, that they are intended to cover the whole period up to such time as a hearing and adjudication shall be had upon the petition for adjudication of bankruptcy. I can see no warrant whatever for extending their meaning beyond that. It is true that in this case the injunction is in the ordinary form and reads: "Until the further order of the court." But this clause must be read in the light of the authority under which the writ was issued. and being so read its meaning is as follows: "Until a hearing and adjudication shall be had upon the petition for adjudication of bankruptcy against Solomon J. Moses." If creditors, on filing petition for adjudication of bankruptcy, desire to restrain parties from interfering with the debtor's property beyond the time when an adjudication may be obtained, they must do so by invoking the general powers of a court of equity. This court does not possess such power. See In re Metzler [Case No. 9,512]; Irving v. Hughes [Id. 7,076]; In re Kintzing [Id. 7,833]; Creditors v. Cozzens [Id. 3,378]; In re Fuller [Id. 5,148].

The acts complained of in these cases having been done after the restraining power of

the injunction had ceased to operate, the orders to show cause must be discharged, and the petitions and proceedings against the said Lang and Hanaw for contempt must be dismissed, with costs to the said Lang and Hanaw, including an attorney fee of twenty dollars (being ten dollars in each case), to be paid by the assignee out of the funds of the estate of the said bankrupt in his hands.